# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOACHIM E. DRESSLER,

        Plaintiff,

v.                                                         Case No. 07-C-289

GERALD PTACEK, presiding Judge,
Racine Circuit Court, Branch 1,
MICHAEL E. NIESKES, Racine District Attorney,
WISCONSIN COURT OF APPEALS, Dist. II,
Hon. Anderson, Brown, and Nettesheim, Presiding,
J.B. VAN HOLLEN, Wisconsin Attorney General, and
JOHN DOE, sued as Unnamed Defendants,

        Defendants.

# ORDER

On June 11, 2007, the court denied plaintiff Joachim E. Dressler's Petition for Removal and Complaint, which he brought pursuant to 28 U.S.C. § 1443. Before the court is the plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) allows the court to alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered or previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in controlling law undermines the validity of the judgment. 11 Charles A. Wright, *et al.*, Federal Practice and Procedure, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables

the court to correct its own errors and thus avoid unnecessary appellate procedures.") Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In his petition for removal, the plaintiff sought removal to this court of *State v. Joachim E. Dressler*, 2007AP389, which was pending before the Wisconsin Court of Appeals. That case was the plaintiff's state appeal from a circuit court order denying the plaintiff's most recent post-conviction challenge to his criminal conviction in Racine County Case Number 1990CF000584.[1] The circuit court denied the

---

[1] The plaintiff persists in challenging the constitutionality of his 1991 Racine County criminal conviction (Racine County Case Number 1990CF000584). *See Dressler v. McCaughtry*, 238 F.3d 908, 911-12, 916 (7th Cir. 2001) (setting forth procedural history of case up to 2001, and affirming the denial of Dressler's petition for a writ of habeas corpus). After the denial of federal habeas relief, the plaintiff filed a motion for post-conviction relief pursuant to Wis. Stat. §§ 974.06 and 806.04 in Racine County Circuit Court. The circuit court denied his motion, the court of appeals affirmed, and the Wisconsin Supreme Court denied review. After that, on December 1, 2006, Dressler filed "Motion to Vacate Void Judgments; Compel *Freedman v. Maryland* Prior Restraint Compliance; and to Apply Retroactive Authority, with the Racine County Court." The circuit court also denied this motion, Dressler appealed that denial, and then with this case he attempted to remove that appeal to this court.

In addition, on September 11, 2006, Dressler filed a motion for relief from judgment in his federal habeas case, Eastern District of Wisconsin Case Number 97-C-0431. On September 28, 2006, United States Magistrate Judge William E. Callahan denied Dressler's Rule 60(b) motion, filed almost seven and one half years after judgment, as untimely. However, Magistrate Judge Callahan went on to state:

> Notwithstanding the untimeliness of Dressler's motion, Dressler is not entitled to relief pursuant to Rule 60(b)(4). This is because this court's April 28, 1999 judgment is not void for lack of subject matter jurisdiction. To the contrary, this court had subject matter jurisdiction over Dressler's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Likewise, he is not entitled to relief pursuant to Rule 60(b)(6). Dressler argues that he is entitled to relief pursuant to Rule 60(b)(6) for a litany of reasons:

(continued...)

plaintiff's motion without a hearing, finding that the plaintiff raised the same First Amendment issue as in a previous motion and that the issue was already addressed.

---

[1](...continued)
> Petitioner asks that this court's [certificate of appealability ("COA")] itself imposes a prior restraint of free speech; that it is contrary to firmly established Constitutional law as determined by the United States Supreme Court; that it announces a federal circuit split of authority; and that questions of Equal Protection and Due Process are inherently intertwined in that COA. Those raised issues remain unaddressed by any court. . . . [S]uch "extraordinary circumstances" justify Rule 60(b) relief and entitle him to grant a writ of habeas corpus.

(Pet'r's Br. at 15.) However, I have reviewed my April 28, 1999 decision and I am not persuaded that there are extraordinary circumstances present which would justify reopening the final judgment entered in this case. Indeed, as the Supreme Court noted, "relief under Rule 60(b)(6) requires a showing of extraordinary circumstances justifying the reopening of a final judgment and such circumstances will rarely occur in the habeas context." *Crosby*, 125 S.Ct. at 2649 (internal quotations omitted).

As previously stated, despite Dressler's attempt to craft a Rule 60(b) motion that would not be deemed a second or successive habeas petition, Dressler's Rule 60(b) motion is nothing more than "a poorly disguised attempt to obtain a second round of federal collateral review." *Benefiel*, 403 F.3d at 826. As the Supreme Court recently stated, "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Crosby*, 125 S.Ct. at 2651. Yet, Dressler's motion <u>does</u> assert claims of error in his state conviction. Indeed, in support of his Rule 60(b) motion, Dressler argues that

> [t]he trial court's . . . 'other acts' analysis; its construction of Wis. Stat. § 904.04(2) to include within its scope the mere 'act of possessing' ANY First Amendment-*protected* expressive materials in the privacy of the home; as well as its rulings on homosexuality were made without jurisdiction and are void as a matter of Wisconsin Constitutional law.

(Pet'r's Br. at 13.)

Thus, because Dressler's motion asserts claims of error in his state conviction, it is very likely a successive habeas petition. Title 28 U.S.C. § 2244(b)(3)(A) requires petitioners to obtain permission from the court of appeals before filing second or successive habeas corpus petitions in the district courts. And, without such authorization from the court of appeals, this court lacks subject matter jurisdiction over Dressler's instant second or successive petition. *See Nunez v. United States*, 96 F.3d 900, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). Pursuant to § 2244(b)(3), Dressler must obtain permission from the court of appeals before filing a second or successive habeas petition in the district court.

(*Dressler v. McCaughtry*, Case No. 2:97-cv-00431-WEC, at 3-5 (Sept. 28, 2006, E.D. Wis.))

On June 11, 2006, this court denied the plaintiff's petition for removal because he did not allege that he was deprived of any right on the basis of race, *see* 28 U.S.C. § 1443(1), and, alternatively, he was not acting under "color of authority," *see* 28 U.S.C. § 1443(2). The plaintiff raises two arguments in his motion to alter or amend judgment.

First, the plaintiff contends that, pursuant to *Hughley v. City of Opelika, Ala.*, 251 F. Supp. 566 (D. Ala. 1965), First Amendment issues are fully cognizable and removable under 28 U.S.C. § 1443. The plaintiff notes that some of the petitioners arrested in that case were white and some were black. However, the arrest and prosecution of all of the petitioners in *Hughley* "directly stemmed from his or her effort to protest what he or she considered violations of the constitutional rights of Negro citizens residing in Opelika and Lee County, Alabama." *Hughley*, 251 F. Supp. at 568. A case may be removed under 28 U.S.C. § 1443(1) only if a petitioner is deprived of a right secured by a federal law that specifically deals with racial inequity. *Indiana v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966)). The plaintiff's argument that *Hughley* supports his cause is without merit and the court finds that the plaintiff has not shown that the court erred in denying his petition for removal.

Second, the plaintiff contends that, even if he has not satisfied the requirements for removal under § 1443, he clearly invoked this court's authority under 28 U.S.C. §§ 1343 and 1331; 42 U.S.C. §§ 1983 and 1985; *Dombrowski v. Pfister*, 380 U.S. 479 (1965); and *City of Littleton, Col. v. Z. J. Gifts*, 541 U.S. 774

(2004). He asserts that his complaint satisfies initial pleading requirements under 42 U.S.C. §§ 1983 and 1985 and requests that the court order the defendants to answer the complaint.

The plaintiff contends that he is entitled to litigate the *Freedman v. Maryland*, 380 U.S. 51 (1965), prior restraints defense in this case. He asserts that Wisconsin denied him his right to litigate that claim, and that he seeks declaratory and injunctive relief in this court to cure prior restraints.

> Because Wisconsin protects against prior restraints by denying its courts jurisdiction to enter interlocutory orders to admit arguably protected expressive materials into evidence into a criminal trial – absent state-initiated Freedman compliance – criminal subject-matter jurisdiction never attached to any protected published expressive materials, and therefore cannot find existence in a any subsequent proceedings, including federal § 2254 review. Criminal subject-matter jurisdiction over homosexual status or private adult homosexual conduct has no basis in Wisconsin law, and is barred by Romer and Lawrence. Defendants have repeatedly declined to address the defect, and it requires correction in this court.
>
> When Government burdens speech, it bears the burdens of proving the constitutionality of its actions. The Defendants have declined to accept that burden, and Plaintiff challenges the facial and applied overbreadth of laws which burden his First Amendment rights in this court.
>
> His Complaint and attached exhibits, and this motion, demonstrate that "abstention and the denial of injunctive relief may well result in the denial of any effective safeguards against the loss of protected freedoms of expression." Dombrowski, at 492. It would be error for this court to abstain and decline to permit this Plaintiff to seek declaratory and injunctive relief in this court. Id., at 489-90. "For free expression - of transcendent value to all society, and not only those exercising their rights - might be the loser." Id.

> If the construction of § 904.04(2) and this case "remains unexamined for its substantive validity, it stigma right remain even if it were not enforceable as drawn for Equal Protection purposes." <u>Lawrence v. Texas</u>, 539 U.S. at 575.

(Pl.'s Mot. to Alter or Amend J. at 11-12.)

In this case, the court construed the plaintiff's "Petition for Removal and Complaint," which was brought pursuant to 28 U.S.C. § 1443, as simply a petition for removal. It is unclear whether the court should have also construed this filing as an independent complaint. However, it is clear that the plaintiff's First Amendment challenge to his conviction has been fully litigated and, at every turn, found to be without merit. *See Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *Dressler v. McCaughtry*, Case No. 2:97-cv-00431-WEC (E.D. Wis. 1999, 2006); *State of Wisconsin v. Joachim E. Dressler*, Case No. 90-CF-584 (Racine Cty. Cir. Ct. May 6, 2004); *State of Wisconsin v. Joachim E. Dressler*, Appeal No. 2004AP1497 (Wis. Ct. App. March 8, 2006).

The plaintiff has not shown a basis for relief under Rule 59(e). Accordingly, his motion to alter or amend judgment will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to alter judgment (Docket #6) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket #13) be and the same is hereby **DENIED**.

- 6 -
Case 2:07-cv-00289-JPS   Filed 01/17/08   Page 6 of 7   Document 17

**IT IS FURTHER ORDERED** that the plaintiff's motion for hearing (Docket #15) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge