UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOACHIM E. DRESSLER,

    Plaintiff,

v.                      Case No. 07-C-289

GERALD PTACEK,
Presiding Judge, Racine Circuit Court, Branch 1,
MICHAEL E. NIESKES, Racine District Attorney,
WISCONSIN COURT OF APPEALS,
Dist. II, Hon. Anderson, Brown, and Nettesheim, Presiding,
J. B. VAN HOLLEN, Wisconsin Attorney General, and
JOHN DOE, sued as Unnamed Defendants,

    Defendants.

## ORDER

   The *pro se* plaintiff, a state prisoner at all relevant times, filed a Petition and Removal and Complaint pursuant to 28 U.S.C. § 1443 along with a motion for leave to proceed *in forma pauperis*.[1] On June 11, 2007, this court issued an order granting the plaintiff's motion for leave to proceed *in forma pauperis* but denying his petition for removal. On that same day judgment was entered dismissing the action. The plaintiff filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) which the court denied on January 17, 2008. The plaintiff appealed, and currently before the court is the plaintiff's motion for leave to proceed *in forma pauperis* on appeal.

---

[1] The plaintiff sought removal to this court of *State v. Joachim E. Dressler*, No. 2007AP389, which was pending in the Wisconsin Court of Appeals. The plaintiff's state appeal was taken from a circuit court order denying his most recent post-conviction challenge to a state criminal conviction.

A plaintiff who was allowed to proceed *in forma pauperis* in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir.1999). However, when *in forma pauperis* status has been denied, the appellant must file a motion that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

There are three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence; the appeal is in bad faith; or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). Under Fed. R. App. P. 24(a), a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*.

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 [1967]); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed in forma pauperis before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1). Moreover, this court's order remanding the plaintiff's case to state court is reviewable on appeal. *See* 28 U.S.C. § 1447(d)[2]; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006). Thus, the court will grant the plaintiff's motion to proceed *in forma pauperis* on appeal.

Under the PLRA, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $455.00 filing fee in advance for an appeal, he or she can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

---

[2] That section provides:

> (d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).

-3-

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

Along with his request to proceed *in forma pauperis*, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is required to pay an initial partial filing fee of $28.60. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. § 1915(b)(2).

The plaintiff shall pay the initial partial filing fee of $28.60 to the clerk of this court within 30 days of the date of this order. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Failure to pay the initial partial filing fee within the time specified may result in dismissal of this appeal. *Newlin*, 123 F.3d at 434.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this appeal is later dismissed

for any of the above reasons, it will have an impact on the plaintiff's ability to bring other actions *in forma pauperis*.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to proceed *in forma pauperis* on appeal (Docket #21) is hereby **GRANTED**, because this court determines that this appeal has been taken in **GOOD FAITH**.

**IT IS FURTHER ORDERED** that by **April 18, 2008**, the plaintiff shall forward to the clerk of this court the sum of $28.60 as the initial partial filing fee in this appeal. The plaintiff's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that after the initial filing fee has been paid, the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee ($426.40) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison,

-5-

Case 2:07-cv-00289-JPS   Filed 03/21/08   Page 5 of 6   Document 22

Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge